IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM F. LAFFOON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-22-110-RAW-KEW |
| ) | |
| SCOTT NUNN, ) | |
| WARDEN, ) | |
| ) | |
| Respondent. ) | |

**BRIEF IN SUPPORT OF PRE-ANSWER MOTION TO DISMISS PETITION FOR HABEAS CORPUS AS TIME BARRED BY THE STATUTE OF LIMITATIONS**

Comes now the Respondent, by and through the Attorney General of the State of Oklahoma, John M. O'Connor, and respectfully asks that the instant Petition for Writ of Habeas Corpus be dismissed as time-barred pursuant to 28 U.S.C. § 2244(d)(1). In support hereof, Respondent shows this Court as follows:[1]

**ARGUMENT AND AUTHORITY**

**Petitioner's challenge to his conviction in Wagoner County District Court Case No. CF-2010-153 is time-barred.**

In the instant habeas proceeding, William F. Laffoon, hereinafter referred to as Petitioner, seeks to challenge his judgment and sentence in Wagoner County District Court Case No. CF-2010-153, wherein he was convicted following a jury trial of Count 1, Domestic Abuse-Assault and Battery, Count 2, Assault and Battery with a Dangerous Weapon, Count 3, Kidnapping, and

---

[1] This Court's Order calling for a response expressly states that, "As an alternative to filing a Rule 5 answer, Respondent may file within thirty (30) days a motion to dismiss based upon 28 U.S.C. § 2244, 28 U.S.C. § 2254, or other applicable statute." (Doc. 8). In the event this Court denies this motion to dismiss, Respondent respectfully requests permission to file a response on the merits.

Count 4, Rape-First Degree.  Petitioner was sentenced to Life imprisonment for Count 1, fifty (50) years imprisonment on Count 2, seventy-five (75) years imprisonment on Count 3, and Life Without Parole on Count 4 (Exhibit 1, Judgment and Sentence).  Petitioner alleges one ground: "The State of Oklahoma has no jurisdiction to hold an enrolled member of the Muscogee Creek Nation Tribe."  (Doc. 1, at 5).  However, Petitioner has failed to file his petition within the one-year statute of limitations contained within the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d)(1), and therefore, his petition is time-barred.  The following dates are relevant to the disposition of this Motion:

> **March 29, 2013:**  The Oklahoma Court of Criminal Appeals, hereinafter referred to as the "OCCA," affirmed Petitioner's Judgment and Sentence in OCCA Case No. F-2011-453 (Exhibit 2, Summary Opinion).
>
> **June 27, 2013:**  This was the last day of the ninety (90) day period during which Petitioner could have sought certiorari with the United States Supreme Court.  Petitioner's one year statute of limitations began to run the following day, Friday June 28, 2013.
>
> **April 15, 2014:**  Petitioner filed his first application for post-conviction relief in the District Court of Wagoner County (Exhibit 3, Application for Post-Conviction Relief).
>
> **June 4, 2014:**  The District Court entered an Order Denying Post-Conviction Relief (Exhibit 4, Order Denying Post-Conviction Relief).
>
> **October 15, 2014:**  Petitioner filed a Notice of Post-Conviction Appeal in the District Court of Wagoner County seeking to appeal the June 2014 order (Exhibit 5, Notice of Post-Conviction Appeal).
>
> **October 20, 2014:**  Petitioner filed a second Application for Post-Conviction Relief in the District Court of Wagoner County, alleging that he was denied a post-conviction appeal through no fault of his own (Exhibit 6, Application for Post-Conviction Relief).
>
> **April 6, 2015:**  The District Court entered an Order Denying Post-Conviction Relief (Exhibit 7, Order Denying Post-Conviction Relief).

**July 31, 2015:** The OCCA entered an Order Declining Jurisdiction in Case No. PC-2015-651, noting that while Petitioner's Petition in Error from the April 6, 2015, order should have been filed with the Court by May 6, 2015, it was not filed until July 17, 2015 (Exhibit 8, Order Declining Jurisdiction).

**July 3, 2018:** Petitioner filed a third Application for Post-Conviction Relief and Application for Evidentiary Hearing (Exhibit 9, Application for Post-Conviction Relief/Application for Evidentiary Hearing).

**August 21, 2018:** The District Court of Wagoner County entered an Order denying Petitioner's application for post-conviction relief (Exhibit 10, Order).

**December 26, 2018:** The OCCA entered an Order Affirming Denial of Application for Post-Conviction Relief, in OCCA Case No. PC-2018-944 (Exhibit 11, Order Affirming Denial of Application for Post-Conviction Relief).

**July 21, 2020:** Petitioner filed a fourth application for post-conviction relief (Exhibit 12, Application for Post-Conviction Relief).

**October 27, 2021:** The District Court of Wagoner County entered an Order Denying Petitioner's Application for Post-Conviction Relief, on the basis of *State ex rel. District Attorney v. Wallace*, 497 P.3d 686 (Okla. Crim. App. 2021), because Petitioner's judgment and sentence became final in 2013 (Exhibit 13, Order Denying Petitioner's Application for Post-Conviction Relief). For whatever reason, Petitioner attempted to initiate two separate appeals from the denial of post-conviction relief, in OCCA Case Nos. PC-2021-1345 and PC-2021-1346 (Exhibit 14, Petition in Error, Case No. PC-2021-1345; Exhibit 15, Petition in Error, Case No. PC-2021-1346).

**December 1, 2021:** The OCCA entered an Order Declining Jurisdiction of Petitioner's appeal from the denial of post-conviction relief on October 27, 2021, in each post-conviction appeal, on the basis that Petitioner failed to file a Notice of Post-Conviction Appeal with the Clerk of the District Court within twenty (20) days from the date the order was filed in the District Court, which would have made it due by November 16, 2021 (Exhibit 16, Order Declining Jurisdiction, Case No. PC-2021-1345; Exhibit 17, Order Declining Jurisdiction, Case No. PC-2021-1346).

>**April 8, 2022:**   Petitioner filed the instant Petition for Writ of Habeas Corpus with this Court (Doc. 1, at 1).

The AEDPA granted Petitioner one (1) year to file a petition for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1).  Pursuant to 28 U.S.C. § 2244(d)(1)(A), that year started to run on June 28, 2013, the day after Petitioner's judgment and sentence became final because he filed no petition for writ of certiorari, and it would have expired on June 28, 2014.  However, the statute of limitations under the AEDPA is subject to statutory tolling.  The tolling statute, 28 U.S.C. § 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Only a state petition filed within the one year allowed by the AEDPA can toll the statute of limitations.

Petitioner filed his first application for post-conviction relief on April 15, 2014.  At that point, Petitioner had seventy-four (74) days remaining on his statutory year.  Petitioner's original post-conviction application was pending between April 15, 2014 and June 4, 2014, when it was denied.  Petitioner did not file his Notice of Post-Conviction Appeal in the District Court of Wagoner County seeking to appeal the June 2014 order until October 15, 2014.  By that time, it was too late for Petitioner to file a Notice of Post-Conviction Appeal.  The State acknowledges that Petitioner is entitled to statutory tolling for the thirty (30) days in which Petitioner could have sought to appeal the denial of post-conviction relief.  *Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000) ("Thus, we hold today that, regardless of whether a petitioner actually appeals a denial of post-conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law.").  Thus, Petitioner is entitled to statutory

4

tolling for the fifty days during which his post-conviction application was pending in the district court plus the thirty days during which he could have properly appealed the denial of post-conviction relief, for a total of eighty (80) days of statutory tolling.

Thus, with all statutory tolling considered, Petitioner's statute of limitations under 28 U.S.C. § 2244(d)(1)(A) expired on September 16, 2014.  Respondent would note that Petitioner's subsequent post-conviction application, filed on October 20, 2014, did not generate additional statutory tolling for Petitioner on the grounds that it sought a post-conviction appeal out of time because the OCCA ultimately did not grant an appeal out of time.  Instead, it entered an Order Declining Jurisdiction in Case No. PC-2015-651, noting that while Petitioner's Petition in Error from the April 6, 2015, order should have been filed with the Court by May 6, 2015, it was not filed until July 17, 2015 (Exhibit 8).  Even if leave to appeal out of time had been granted, this would not amount to tolling for the entire period in 2014 when nothing was pending in state court. *See Gibson*, 232 F.3d at 806 ("A state court's decision to look beyond procedural deficiencies or to grant an appeal out of time does not transform all of a petitioner's state filings into one 'properly filed' application, which essentially 'relates back' to a petitioner's original application for state post-conviction relief.").

Therefore, Petitioner's subsequent applications for post-conviction relief filed after the district court denied relief on June 4, 2014, did not toll the statute of limitations.  Petitioner specifically left blank the question on his habeas petition form regarding the timeliness of the petition, Question No. 18 (Doc. 1, at 13-14).  Elsewhere, Petitioner alleges that he did not previously raise this issue because "at that time Oklahomas [sic] Reservations did not exist (was

not recognized)" (Doc. 1, at 6).  Liberally construed, this is the closest that Petitioner comes to defending the timeliness of his petition.[2]

However, the decision of the Supreme Court in *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020) did not provide Petitioner with a new starting date under the AEDPA.  Oklahoma federal courts have applied the AEDPA to bar petitions similar to Petitioner's, even before *McGirt* was decided.  For instance, in *Martin v. Bear*, No. CIV-18-134-JHP-KEW, 2019 WL 1437603 (E.D. Okla. Mar. 29, 2019) (unpublished), this Court reasoned:

> Respondent points out that Petitioner raised a claim concerning the facts that he is an Indian and that his crime occurred in Indian Country in the pleading filed on June 2, 2017, more than two months before the Tenth Circuit's initial decision in *Murphy* [*v. Royal*, 866 F.3d 1164 (10th Cir. 2017)].[3]  Respondent further argues that Petitioner's repeated reliance in state court on the February 18, 1992, *Cravatt* decision alters the analysis for the statute of limitations.  Therefore, Petitioner's claim concerning Indian Country was available to him when the *Cravatt* decision was issued, and this habeas claim could have been discovered more than 27 years ago.  Therefore, the Indian Country claim also is time barred.

*Martin*, 2019 WL 1437603, *4 (citing *Cravatt v. State*, 825 P.2d 277 (Okla. Crim. App. 1992)).

Likewise, the Western District Court reached a similar conclusion in *Hayes v. Bear*, No. CIV-18-391-D, 2018 WL 2943459 (W.D. Okla. Jun. 12, 2018) (unpublished).  It found that although Petitioner attempted to raise an Indian Country claim, "[n]one of Petitioner's claims are based on newly-discovered facts."  *Hayes*, 2018 WL 2943459, *2.  The *Hayes* Court went on to explain:

---

[2] Petitioner subsequently filed a short document titled, "Supplemental Brief for Habeas Corpus." (Doc. 10).  However, this supplemental brief merely reiterates Petitioner's substantive claim and does not address the untimeliness of his Petition.

[3] That case was later renamed *Sharp v. Murphy* to reflect the current Interim Warden of the Oklahoma State Penitentiary, Tommy Sharp.

> Petitioner identifies the date of discovery as August 8, 2017, which is the date that the court of appeals issued its initial decision *Murphy v. Royal*, 866 F.3d 1164, 1189-90 (10th Cir.), *modified on denial of reh'g en banc*, 875 F.3d 896 (10th Cir. 2017), *cert. granted,* No. 17-1107, 2018 WL 74674 (May 21, 2018). *Murphy* provides the legal, not factual, predicate of one of Petitioner's claims. New legal developments are covered by subsection 2244(d)(1)(C), which does not apply here. *See* R&R at 6.

*Hayes*, 2018 WL 2943459, *2 n.2.

The Supreme Court's decision in *McGirt* does not change the foregoing analysis. On July 9, 2020, the Supreme Court issued its opinion in *McGirt*, in which it held that the Creek Reservation in Oklahoma had not been disestablished by Congress, and that McGirt should have been prosecuted in federal court under the Major Crimes Act.[4] However, in so holding, the Court made it clear that state and federal procedural bars are still applicable to claims regarding Indian Country. *See McGirt*, 140 S. Ct. at 2479 ("Other defendants who do try to challenge their state convictions may face significant procedural obstacles, thanks to well-known state and federal limitations on post-conviction review in criminal proceedings."); *id.* at 2481 ("Many other legal doctrines - procedural bars, res judicata, statutes of repose, and laches, to name a few - are designed to protect those who have reasonably labored under a mistaken understanding of the law.").[5] One such "well-known . . . federal limitation[]" and "statute[] of repose" is the statute of limitations under the AEDPA which Respondent here asserts as a bar in this case pursuant to 28 U.S.C. § 2244(d)(1).

---

[4] On the same date, the Supreme Court affirmed the Tenth Circuit's decision in *Murphy* for the reasons stated in *McGirt*. *See Sharp v. Murphy*, _ U.S. _, 140 S. Ct. 2412 (2020).

[5] Petitioner has not even attempted to address this critical aspect of the *McGirt* decision, reasoning that procedural bars and statutes of repose would be fully applicable to claims, like the ones raised by Petitioner, that the State lacked prosecutorial authority.

The Northern District Court has also recognized as much in several recent opinions. *See Littlejohn v. Crow*, No. 18-CV-0477-CVE-JFJ, 2021 WL 3074171, *5 (N.D. Okla. July 20, 2021) (unpublished) ("But [28 U.S.C. § 2244(d)(1)(C)] does not apply because the Supreme Court did not newly recognize any constitutional rights in *McGirt*."), *cert. of appealability denied*, 2021 WL 5072980 (10th Cir. Nov. 2, 2021) (unpublished); *Berry v. Bragg*, No. 19-CV-0706-GKF-FHM, 2020 WL 6205849, *7 (N.D. Okla. Oct. 22, 2020) (unpublished) ("[T]he *McGirt* Court did not recognize any new constitutional rights when it determined that Congress did not disestablish the Muscogee Creek Nation Reservation . . . . Because the *McGirt* ruling did not recognize any new constitutional right relevant to petitioner's jurisdictional claim, § 2244(d)(1)(C) does not apply to that claim." (citing *McGirt*, 140 S. Ct. at 2459, 2462-2463)). Also, in *Cole v. Pettigrew*, No. 20-CV-0459-JED-CDL, 2021 WL 1535364, *2-3 (N.D. Okla. Apr. 19, 2021) (unpublished), the Northern District dismissed a petitioner's challenge to the State's prosecutorial authority as time-barred, and dismissed the habeas petition with prejudice. The *Cole* Court denied the habeas petitioner's argument that such a challenge could never be waived, correctly reasoning that was simply not true under federal law:

> To the extent Cole relies on his assertion that issues of subject-matter jurisdiction can never be waived, under state law, to show that his petition is timely, that reliance is misplaced. Regardless of whether Cole can raise a challenge to the trial court's subject-matter jurisdiction in state court, free of any time limitations, the plain language of § 2244(d)(1)'s one-year statute of limitations makes no exception for claims challenging subject-matter jurisdiction. And, on the record presented, Cole has not shown that this is one of the rare cases where equity favors an exception to the statute of limitations.

*Cole*, 2021 WL 1535364, *2 n.4. *See also Sampson v. Dowling*, No. 20-CV-0361-JED-CDL, 2021 WL 1318662, *3 (N.D. Okla. Apr. 8, 2021) (unpublished) (finding the habeas petitioner's challenge to the State's prosecutorial authority was time-barred under the AEDPA and refusing

the petitioner's assertion that his claim could be raised "at any time" notwithstanding the time constraints of § 2244(d)(1)).

This Court and the Western District Court have agreed with the logic of the Northern District Court in multiple recent decisions. *See Lockaby v. Dowling*, No. CIV-21-061-JFH-KEW, 2022 WL 991986 (E.D. Okla. Mar. 30, 2022) (unpublished) ("Because the Supreme Court did not recognize any new rights in *McGirt*, Petitioner cannot claim the benefit of § 2244(d)(1)(C) to use July 9, 2020—the date of the McGirt decision—as the starting date for his one-year limitation period. *See* 28 U.S.C. § 2244(d)(1)(C)."); *Hyslop v. Nunn*, No. CIV-21-045-RAW-KEW, 2022 WL 686308, *6 (E.D. Okla. Mar. 8, 2022) (unpublished) ("Because the Supreme Court did not recognize any new rights in *McGirt*, Petitioner cannot claim the benefit of § 2244(d)(1)(C) to use July 9, 2020 – the date of the *McGirt* decision – as the starting date for his one-year limitation period." (citing 28 U.S.C. § 2244(d)(1)(C))); *Donahue v. Harding*, No. CIV-21-183-PRW, 2021 WL 4714662, *5 (W.D. Okla. Sept. 15, 2021) ("The *McGirt* decision does not allow Petitioner additional time to file his habeas petition under § 2244(d)(1)(C) because it did not recognize a new constitutional right."); *Jones v. Pettigrew*, No. CIV-18-633-G, 2021 WL 3854755, *3 (W.D. Okla. Aug. 27, 2021) (unpublished) ("Petitioner seeks application of the limitations period prescribed in § 2244(d)(1)(C), . . . run[ning] from 'the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review,'" based upon the *McGirt* ruling, however, "Courts in this Circuit . . . have rejected the proposition that the date of the *McGirt* decision should be used as the commencement date under § 2244(d)(1)(C)"); *Sanders v. Pettigrew*, No. CIV 20-350-RAW-KEW, 2021 WL 3291792, *6 (E.D. Okla. Aug. 2, 2021) (unpublished) ("The factual predicate of Petitioner's claim was available when he was charged in 2000 and when

9

he filed his first habeas petition in 2013, and his claim does not rely on a new rule of constitutional law that was made retroactive.").

Likewise, Petitioner has not attempted to show that the State's exercise of prosecutorial authority prior to *McGirt* constitutes an "impediment" that would somehow delay the start of the one year clock within the meaning of 28 U.S.C. § 2244(d)(1)(B). Such an assertion by Petitioner would be a misreading of the "impediment" provision of Section 2244(d)(1)(B). As the Western District Court recently recognized, "The impediment provision expressly allows tolling for state-created impediments that prevented or block a prisoner from filing a petition." *Wonsch v. Crow*, No. CIV-21-00826-PRW, 2022 WL 493737, *1 (W.D. Okla. Feb. 17, 2022) (unpublished). Just as the Court found in *Wonsch*, it is equally true in this case that, "at no point did the State prevent or block Petitioner from filing a habeas petition." *Id.*

Likewise, Petitioner is not entitled to any equitable tolling of the statute of limitations. The United States Supreme Court has held that the AEDPA's limitations period is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Such tolling is available only in "rare and exceptional circumstances." *Gibson*, 232 F.3d at 808 (internal quotation marks omitted). Because (under a liberal construction) Petitioner wrongly appears to believe that the factual predicate underlying his habeas corpus petition can be raised at any time, he has necessarily not attempted to set forth any facts which would entitle him to equitable tolling of the statute of limitations. Equitable tolling is appropriate only when a petitioner demonstrates both "'(1) that he has been pursuing his rights diligently, **and** (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (emphasis added)).

A petitioner bears "'a strong burden to show specific facts'" to establish entitlement to equitable tolling. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). Here, Petitioner has presented no argument that he is entitled to equitable tolling. Here, Petitioner waited until April 15, 2014, to file his first application for post-conviction relief in the district court. At that point, only seventy-four (74) days remained on his statutory year. After July 31, 2015, when the OCCA entered an Order Declining Jurisdiction in Case No. PC-2015-651, Petitioner had nothing pending in the state district court for the rest of 2015 or 2016, and he did not file a further Application for Post-Conviction Relief until July 3, 2018. Moreover, after the OCCA declined jurisdiction of his appeal from the denial of his most recent application for post-conviction relief on December 1, 2021, Petitioner took no further action in state court, and he filed the instant petition over four months later, on April 8, 2022. Based on Petitioner's lack of diligence, Petitioner has failed to meet his "'strong burden'" of showing entitlement to equitable tolling, and it cannot save Petitioner's petition from its status as being untimely filed. *Yang*, 525 F.3d at 928. *See also Holland*, 560 U.S. at 649. Because Petitioner was required to file the instant petition no later than September 16, 2014, and did not file it until April 8, 2022, the instant petition should be dismissed as time-barred by the statute of limitations. 28 U.S.C. § 2244(d)(1). *See Cole*, 2021 WL 1535364, *2 n.4 (reasoning "the plain language of § 2244(d)(1)'s one-year statute of limitations makes no exception for claims challenging subject-matter jurisdiction" and "on the record presented, Cole has not shown that this is one of the rare cases where equity favors an exception to the statute of limitations").

Finally, Petitioner has also not demonstrated that he would be entitled to equitable tolling via a claim of actual innocence. *Larson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007).

Importantly, a petitioner's claims of innocence must amount to a "colorable" showing of actual, factual innocence. *Demarest v. Price*, 130 F.3d 922, 941-942 (10th Cir. 1997). *See also McQuiggin v. Perkins*, 569 U.S. 383, 386-387 (2013); *Schlup v. Delo*, 513 U.S. 298, 327 (1995). As demonstrated above, Petitioner's entire argument is that the State lacked prosecutorial authority over him because he is an Indian and his crime occurred in Indian Country, which is, at most, a claim of legal innocence and not a claim of actual, factual innocence within the meaning of *Demarest*. In fact, Petitioner, in support of his first proposition, candidly admits, "I caught my wife having sex in our Creek Indian home with my nephew and beat them." (Doc. 1, at 5). Petitioner's admission to the crime forecloses a claim of actual innocence. Moreover, the Western District Court has recognized that a claim regarding the State's prosecutorial authority "do[es] not equate to a claim of factual innocence." *Jones*, 2021 WL 3854755, *4 ("Petitioner's claims, even liberally construed, do not invoke the actual innocence equitable exception and do not permit continued consideration of his Petition by this Court." (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998) (holding such claims must be based on "factual innocence, not mere legal insufficiency"))). Thus, Petitioner is not entitled to equitable tolling based upon a claim of actual innocence.

Therefore, under *Martin*, *Hayes*, *Berry*, *Cole*, *Sampson*, *Hyslop*, and *Lockaby*, Petitioner's claim that the State lacked prosecutorial authority to convict him in Wagoner County District Court Case No. CF-2010-153 is subject to the same time bars as any other type of claim, and thus, the instant federal habeas proceeding is time-barred as Petitioner was required to file it no later than September 16, 2014. Petitioner has not shown the existence of any state "impediments" within the meaning of 28 U.S.C. § 2244(d)(1)(B), where Petitioner was not prevented from filing his habeas corpus petition by any state action. *Wonsch*, 2022 WL 493737, *1. Moreover, Petitioner

has not shown his entitlement to equitable tolling where Petitioner sets forth no basis in support of equitable tolling nor makes any "colorable" showing of factual innocence. *McQuiggin*, 569 U.S. at 386-387; *Yang*, 525 F.3d at 928; *Demarest*, 130 F.3d at 941-942; and *Jones*, 2021 WL 3854755, *4.

The instant habeas petition must be dismissed as time-barred. 28 U.S.C. § 2244(d)(1).

## CONCLUSION

Therefore, the instant petition should be dismissed with prejudice as it is time-barred by the statute of limitations.

Respectfully submitted,

**JOHN M. O'CONNOR**
**ATTORNEY GENERAL OF OKLAHOMA**

**s/ THEODORE M. PEEPER**
**THEODORE M. PEEPER, O.B.A. #19909**
**ASSISTANT ATTORNEY GENERAL**

313 N.E. 21st Street
Oklahoma City, OK 73105
(405) 521-3921
(405) 522-4534 (Fax)
Service email: fhc.docket@oag.ok.gov

**ATTORNEYS FOR RESPONDENT**

**CERTIFICATE OF SERVICE**

\_X\_	I hereby certify that on June 16th, 2022, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.

\_X\_	I hereby certify that on June 16th, 2022, I served the attached document by mail on the following, who is not a registered participant of the ECF System:

William F. Laffoon, #256288
James Crabtree Correctional Center
216 N. Murray Street
Helena, OK 73741-9606

						s/ Theodore M. Peeper