IN THE DISTRICT COURT IN AND FOR WAGONER COUNTY
STATE OF OKLAHOMA

WILLIAM FRANKLIN LAFFOON, )
)
Petitioner, )
)
v. ) Case No. CF-2010-153
)
STATE OF OKLAHOMA, )
)
Respondent. )

## ORDER DENYING PETITIONER'S APPLICATION FOR POST-CONVICTION RELIEF

This matter came on for hearing pursuant to the Petitioner's "Application for Post-Conviction Relief." Based on the following, the Court finds that Petitioner's Application for Post-Conviction Relief should be and is hereby denied pursuant to *State ex rel. District Attorney v. Wallace,* 2021 OK CR 21. The Court finds the Petitioner's application can be disposed of based on the pleadings and record, as there is not a material issue of fact. *See* 22 O.S. § 1084. The following are this Court's findings of fact and conclusions of law as to the issues presented in the Petitioner's application.

## PROCEDURAL HISTORY

Petitioner William Franklin Laffoon was tried by jury and convicted of Domestic Abuse - Assault and Battery (Count 1), in violation of 21 O.S. 644 (C) (2009); Assault and Battery with a Dangerous Weapon (Count 2), in violation of 21 O.S. 645 (2006); Kidnapping (Count 3), in violation of 21 O.S. 741 (2009); and Rape - First Degree (Count 4), in violation of 21 O.S. 1111 (B) (2006) in the District Court of Wagoner County, Case No. CF-2010-153. The jury fixed punishment at life imprisonment for Count 1, fifty years imprisonment for Count 2, seventy-five years

1

**EXHIBIT 13**

imprisonment for Count 3, and life imprisonment without the possibility of parole for Count 4. The Honorable Darrell G. Shepherd, District Judge, who presided at trial, sentenced Laffoon according to the jury's verdict and ordered the sentences to be served consecutively.

Petitioner appealed from these Judgment and Sentences to the Oklahoma Court of Criminal Appeals ("OCCA") raising the following propositions of error:

1) The trial court erred by permitting the State to present other crimes evidence. was properly admitted under 12 O.S. 2413;

2) Testimony from a witness that he burned the inside of her vagina with a lit cigarette was improperly admitted under 12 O.S. 2413 and 12 O.S. 2413 because charges against him for that crime were dropped.

3) Witness testimony was inadmissible as evidence of other crimes, wrongs, or bad acts because it did not fall into any recognized exception to 12 O.S. 2404 (B).

4) Petitioner's sentence is excessive and requires modification because the admission of other crimes evidence caused the jury to punish him for those crimes in addition to the charged crimes.

After fully considering each of the proposition raised by the Petitioner, and having considered the evidence and argument of counsel, the OCCA affirmed the Petitioner's Judgment and sentences.

The Petitioner has now filed an application for post-conviction relief wherein he claims pursuant to *McGirt v. Oklahoma*, 591 U.S. _____, 140 S.Ct. 2452 (July 9, 2020), *Hogner v. State*, 2021 OK CR 4 (1921), and *Bosse v. State*, 2021 OK CR 3 (2021) this Court's jurisdiction was preempted by 18 U.S.C. § 1152.

2

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

On August 12, 2021 the Oklahoma Court of Criminal Appeals ("OCCA") repudiated its prior cases, which had assumed that *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020) applied retroactively on collateral review, and held that "*McGirt* and [its] post-*McGirt* decisions recognizing [the other Five Tribes'] reservations shall not apply retroactively to void a conviction that was final when *McGirt* was decided." *State ex rel. District Attorney v. Wallace*, 2021 OK CR 21, ¶ 7, citing *Ferrell v. State*, 1995 OK CR 54, ¶¶ 5-9, 902 P.2d 1113, 1114-15.

The OCCA held that *McGirt* announced a new rule of criminal procedure, and such rule only applies to cases pending on direct appeal when the rule was announced. *Id.* at ¶ 8, see also *Carter v. State*, 2006 OK CR 42, ¶ 4, 147 P.3d 243, 244 (citing *Griffith v. Kentucky*, 479 U.S. 314, 323 (1987)) (applying new instructional rule of *Anderson v. State*, 2006 OK CR 6, 130 P.3d 273 to case tried before the rule was announced, but pending on direct review).

In a change from its earlier applications of *McGirt, supra,* to convictions that were final when *McGirt* was decided, *Wallace* held that, as a matter of state law, post-conviction claims based on *McGirt* are not permitted in cases in which the conviction became final on direct review before July 9, 2020—the day *McGirt* was decided. *Wallace*, 2021 OK CR 21, ¶ 15. The OCCA spoke in mandatory terms: "[E]xercising our independent state law authority to interpret the remedial scope of the state post-conviction statutes, we now hold that *McGirt* and our post-*McGirt* decisions recognizing [the additional] reservations **shall not** apply retroactively to void a conviction that was final when *McGirt* was decided." *Id.* (emphasis added). Indeed, the Court held that the district court's reversal in *Wallace* was an "unauthorized

3

dismissal" which "justifie[d] the exercise of extraordinary jurisdiction." *Id.*, 2021 OK CR 21, ¶ 41. The OCCA further repudiated its earlier cases to the extent they assumed that *McGirt* had retroactive effect. *Id.*

Here, the Petitioner's conviction became final in the year 2013. *See id.*, 2021 OK CR 21, ¶ 2 n. 1 (a conviction is final "where judgment was rendered, the availability of appeal exhausted, and the time to petition for certiorari had elapsed"). Pursuant to *Wallace*, *McGirt* does not apply retroactively to Petitioner's post-conviction claim. *Id.*, 2021 OK CR 21, ¶ 40 Based on the foregoing, the Court finds Petitioner's application for post-conviction relief filed on October 19, 2020 should be, and is hereby **DENIED**.

**IT IS SO ORDERED THIS** the ____18____ day of ____October____, 2021.

_____
**JUDGE OF THE DISTRICT COURT**

4

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that on the date of filing, I deposited with the United States Postal Service, postage prepaid, a filed stamped copy of the above and foregoing document addressed to the following recipient(s):

WILLIAM F. LAFFOON, #256288
JAMES CRABTREE CORRECTIONAL CENTER
ROUTE 1, BOX 8
HELENA, OK 73741-9606

_____
James D. Dunn
Assistant District Attorney

5