## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **WILLIAM F. LAFFOON,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **Case No. CIV 22-110-RAW-KEW** |
| | ) | |
| **RICK WHITTEN, Warden,** | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

This action is before the Court on Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus as barred by the statute of limitations (Dkt. 11). Petitioner is a pro se prisoner in the custody of the Oklahoma Department of Corrections who is incarcerated at James Crabtree Correctional Center in Helena, Oklahoma.  He is attacking his conviction in Wagoner County District Court Case No. CF-2010-153 for Domestic Abuse-Assault and Battery (Count 1), Assault and Battery with a Dangerous Weapon (Count 2), Kidnapping (Count 3), and First Degree Rape (Count 4) (Dkt. 12-1).

Petitioner raises one ground for habeas relief:  "The State of Oklahoma has no jurisdiction to hold an enrolled member of the Muskogee Creek Nation Tribe" (Dkt. 1 at 5). Respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d) (AEDPA).  The following dates are pertinent to the motion to dismiss:

**March 29, 2013:**  Petitioner's direct appeal was affirmed by the Oklahoma Court of Criminal Appeals (OCCA) in Case No. F-2011-453 (Dkt. 12-2).

**June 27, 2013:**  Petitioner's conviction became final upon expiration of the 90-day period for a certiorari appeal to the United States Supreme Court.  His one-year statute of limitations began to run the following day, Friday, June 28, 2013.

**April 15, 2014:**  Petitioner filed his first application for post-conviction relief in the Wagoner County District Court (Dkt. 12-3).

**June 4, 2014:**  The state district court denied Petitioner's first application for post-conviction relief (Dkt. 12-4).

**October 15, 2014:**  Petitioner filed a notice of post-conviction appeal in the Wagoner County District Court (Dkt. 12-5).

**October 20, 2014:**  Petitioner filed a second application for post-conviction relief in the Wagoner County District Court, alleging he was denied a post-conviction appeal through no fault of his own (Dkt. 12-6).

**April 6, 2015:**  The state district court entered an order denying post-conviction relief (Dkt. 12-7).

**July 31, 2015:**  The OCCA entered an order declining jurisdiction in Case No. PC-2015-651, noting that Petitioner's petition in error should have been filed by May 6, 2015, however, it was not filed until July 17, 2015 (Dkt. 12-8 at 4).

**July 3, 2018:**  Petitioner filed a third application for post-conviction relief/application for evidentiary hearing, raising an "Indian Country" claim (Dkt. 12-9).

**August 21, 2018:**  The Wagoner County District Court denied Petitioner's third post-conviction application (Dkt. 12-10).

**December 26, 2018:**  The OCCA affirmed the district court's denial of post-conviction relief in Case No. PC-2018-0944 (Dkt. 12-11).

**July 21, 2020:**  Petitioner filed a fourth application for post-conviction relief (Dkt. 12-12).

**October 27, 2021:**  The District Court of Wagoner County denied Petitioner's fourth post-conviction application, based on *State ex rel. District Attorney v. Wallace*, 497 P.3d 686 (Okla. Crim. App. 2021) (Dkt. 12-13).  Petitioner attempted to initiate two separate appeals from the denial of post-conviction relief in OCCA Case Nos. PC-2021-1345 and PC-2021-1346 (Dkts. 12-14, 12-15).

**December 1, 2021:**  The OCCA declined jurisdiction of Petitioner's post-conviction appeals from the denials of post-conviction relief on October 27, 2021, in Case Nos. 21-1345 and 21-1346.  Petitioner had failed to file notices of a post-conviction appeal with the Clerk of the Wagoner County District Court within twenty (20) days from the date the orders were filed in the district court.  The notices were due by November 16, 2021 (Dkts. 12-16, 12-17).

**April 4, 2022:**  Petitioner filed this petition for a writ of habeas corpus (Dkt. 1 at 15).

Section 2244(d) provides that:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The record shows that Petitioner's appeal of his conviction was affirmed by the OCCA on March 29, 2013 in Case No. F-2011-453.  As set forth above, his conviction became final on June 27, 2013, upon expiration of the 90-day period for a certiorari appeal to the United States Supreme Court.  *See Fleming v. Evans*, 481 F.3d 1249, 1257-58 (10th Cir. 2007); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (holding that a conviction becomes final for habeas purposes when the 90-day period for filing a petition for a writ of certiorari to the United States Supreme Court has passed).  The statutory year began to run the next day on June 28, 2013, and it expired on June 28, 2014.  *See Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011) (stating that the year begins to run the day after the judgment and sentence becomes final and ends on the anniversary date).  This habeas corpus petition, filed on April 4, 2022, was untimely.

3

Pursuant to 28 U.S.C. § 2244(d)(2), however, the statute of limitations is tolled while a properly-filed application for post-conviction relief or other collateral review of the judgment at issue is pending. State procedural law determines whether an application for state post-conviction relief is "properly filed." *Garcia v. Shanks*, 351 F.3d 468, 471 (10th Cir. 2003).

Petitioner filed his first post-conviction application regarding these convictions on April 15, 2014, with 74 days remaining on his statutory year. His first post-conviction application was pending for 51 days, until it was denied on June 4, 2014.[1] Petitioner did not file his notice of post-conviction appeal in the state district court until October 15, 2014. Although the notice was too late, Petitioner is entitled to statutory tolling for the 30 days in which he could have sought to appeal the denial of post-conviction relief. *See Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000) ("Thus, we hold today that, regardless of whether a petitioner actually appeals a denial of post-conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law." (emphasis in original). Therefore, Petitioner is entitled to statutory tolling for the 51 days during which his post-conviction application was pending in the district court plus the 30 days during which he could have properly appealed the denial of post-conviction relief, for a total of 81 days of statutory tolling. With all statutory tolling considered, the statute of limitations expired on September 17, 2014. The Court notes that Petitioner's subsequent post-conviction application filed on October 20, 2014, did not result in additional statutory tolling, because the OCCA ultimately did not grant the requested appeal out of time. It, instead, declined jurisdiction in Case No. PC-2015-651, because the application was

---

[1] *See Maloney v. Poppel*, No. 98-6402, 1999 WL 157428, at *1 n.1 (10th Cir. March 23, 1999) (unpublished) (holding that "tolling calculations should take into account both the day tolling began and the day tolling ended").

untimely.

Furthermore, Petitioner's subsequent applications for post-conviction relief, filed after June 4, 2014, did not toll the statute of limitations, because they were filed after the limitations period had expired. While properly filed post-conviction actions toll the statute of limitations, any applications or post-conviction relief actions filed after the expiration of the limitation under 28 U.S.C. § 2244(d), cannot resuscitate an already-lapsed limitations period. *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001).

Respondent points out that Petitioner left blank the question on his habeas petition form regarding the timeliness of the petition, Question No. 18. (Dkt. 1 at 13-14). Elsewhere in the petition he alleges he did not raise the habeas issue on direct appeal, because "at that time Oklahomas [sic] Reservations did not exist (was not recognized)." *Id*. at 6. On page 12 of the petition, Petitioner states, "The State of Oklahoma has no jurisdiction over Creek Indians." *Id.* at 12. Construing the petition liberally, these sections of the petition are the closest Petitioner comes to defending the timeliness of his petition.

The Supreme Court's decision in *McGirt v. Oklahoma*, __ U.S. __, 140 S.Ct. 2452 (2020) does not provide Petitioner with a new starting date under AEDPA. Actually, Oklahoma federal courts applied the AEDPA to bar petitions similar to Petitioner's even before the *McGirt* decision. For example, in *Martin v. Bear*, No. CIV 18-134-JHP-KEW, 2019 WL 1437603 (E.D. Okla. Mar. 29, 2019) (unpublished), this Court found that the petitioner's Indian Country claim was time barred, because it "could have been discovered more than 27 years ago." *Id*., 2019 WL 1437603, at *4 (citing *Cravatt v. State*, 825 P.2d 277 (Okla. Crim. App. 1992)).

The Supreme Court's decision in *McGirt* does not change the foregoing analysis. On July 9, 2020, the Supreme Court issued its opinion in *McGirt*, which held that the Creek

5

Reservation in Oklahoma had not been disestablished by Congress, and that McGirt should have been prosecuted in federal court under the Major Crimes Act.  In so holding, however, the Court made it clear that state and federal procedural bars still are applicable to claims regarding Indian Country.  *See McGirt*, 140 S. Ct. at 2479 ("Other defendants who do try to challenge their state convictions may face significant procedural obstacles, thanks to well-known state and federal limitations on post-conviction review in criminal proceedings."); *id.* at 2481 ("Many other legal doctrines--procedural bars, res judicata, statutes of repose, and laches, to name a few--are designed to protect those who have reasonably labored under a mistaken understanding of the law.").

One such "well-known . . . federal limitation[]" and "statute[] of repose" is the statute of limitations under the AEDPA which Respondent asserts as a bar in this case pursuant to 28 U.S.C. § 2244(d)(1).  *See also Littlejohn v. Crow*, No. 18-CV-0477-CVE-JFJ, 2021 WL 3074171, at *5 (N.D. Okla. July 20, 2021) (unpublished) ("But [28 U.S.C. § 2244(d)(1)(C)] does not apply because the Supreme Court did not newly recognize any constitutional rights in *McGirt*."), *cert. of appealability denied*, 2021 WL 5072980 (10th Cir. Nov. 2, 2021) (unpublished); *Berry v. Bragg*, No. 19-CV-0706-GKF-FHM, 2020 WL 6205849, at *7 (N.D. Okla. Oct. 22, 2020) (unpublished) ("[T]he *McGirt* Court did not recognize any new constitutional rights when it determined that Congress did not disestablish the Muscogee Creek Nation Reservation.  . . . Because the *McGirt* ruling did not recognize any new constitutional right relevant to petitioner's jurisdictional claim, § 2244(d)(1)(C) does not apply to that claim." (citing *McGirt*, 140 S. Ct. at 2459, 2462-2463)). Also, in *Cole v. Pedigree*, No. 20-CV-0459-JED-CDL, 2021 WL 1535364, at *2-3 (N.D. Okla. Apr. 19, 2021) (unpublished), the Northern District dismissed a petitioner's challenge to the State's prosecutorial authority as time-barred, and dismissed the habeas petition with prejudice.  The

*Cole* Court denied the habeas petitioner's argument that such a challenge never could be waived, correctly reasoning that was simply not true under federal law:

> To the extent Cole relies on his assertion that issues of subject-matter jurisdiction can never be waived, under state law, to show that his petition is timely, that reliance is misplaced. Regardless of whether Cole can raise a challenge to the trial court's subject-matter jurisdiction in state court, free of any time limitations, the plain language of § 2244(d)(1)'s one-year statute of limitations makes no exception for claims challenging subject-matter jurisdiction. And, on the record presented, Cole has not shown that this is one of the rare cases where equity favors an exception to the statute of limitations.

*Cole*, 2021 WL 1535364, at *2 n.4. *See also Sampson v. Dowling*, No. 20-CV-0361-JED-CDL, 2021 WL 1318662, at *2-*3 (N.D. Okla. Apr. 8, 2021) (unpublished) (finding the habeas petitioner's challenge to the State's prosecutorial authority was time-barred under the AEDPA and refusing the petitioner's assertion that his claim could be raised "at any time" notwithstanding the time constraints of § 2244(d)(1)).

This Court and the Western District Court have agreed with the logic of the Northern District Court in recent decisions. *See Lockaby v. Dowling*, No. CIV-21-061-JFH-KEW, 2022 WL 991986, at *2 (E.D. Okla. Mar. 30, 2022) (unpublished) ("Because the Supreme Court did not recognize any new rights in *McGirt*, Petitioner cannot claim the benefit of § 2244(d)(1)(C) to use July 9, 2020--the date of the *McGirt* decision--as the starting date for his one-year limitation period. *See* 28 U.S.C. § 2244(d)(1)(C)."); *Hyslop v. Nunn*, No. CIV-21-045-RAW-KEW, 2022 WL 686308, at *6 (E.D. Okla. Mar. 8, 2022) (unpublished) ("Because the Supreme Court did not recognize any new rights in *McGirt*, Petitioner cannot claim the benefit of § 2244(d)(1)(C) to use July 9, 2020--the date of the *McGirt* decision-- as the starting date for his one-year limitation period. *See* 28 U.S.C. § 2244(d)(1)(C)." *Donahue v. Harding*, No. CIV-21-183-PRW, 2021 WL 4714662, at *5 (W.D. Okla. Sept. 15, 2021) (unpublished) ("The *McGirt* decision does not allow Petitioner additional time to file his habeas petition under § 2244(d)(1)(C) because it did not recognize a new constitutional

right."); *Jones v. Pettigrew*, No. CIV-18-633-G, 2021 WL 3854755, at *3 (W.D. Okla. Aug. 27, 2021) (unpublished) ("Petitioner seeks application of the limitations period prescribed in § 2244(d)(1)(C), which runs from 'the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review,' based upon the *McGirt* ruling. 28 U.S.C. § 2244(d)(1)(C) . . . .  Courts in this Circuit, however, have rejected the proposition that the date of the *McGirt* decision should be used as the commencement date under § 2244(d)(1)(C)") for habeas challenges to state-court jurisdiction"); *Sanders v. Pettigrew*, No. CIV 20-350-RAW-KEW, 2021 WL 3291792, at *6 (E.D. Okla. Aug. 2, 2021) (unpublished) ("The factual predicate of Petitioner's claim was available when he was charged in 2000 and when he filed his first habeas petition in 2013, and his claim does not rely on a new rule of constitutional law that was made retroactive."). *See also State ex rel. Matloff v. Wallace*, 497 P.3d 686, 689 (Okla. Crim. App. 2021) ("[W]e now hold that *McGirt* and our post-*McGirt* decisions recognizing these reservations shall not apply retroactively to void a conviction that was final when *McGirt* was decided."), *cert. denied*, *Parish v. Oklahoma*, 142 S.Ct. 757 (Jan. 10, 2022).

Petitioner's response to Respondent's motion to dismiss fails to address the merits of the statute of limitations defense, instead stating the motion is meritless and fails to show that *McGirt* has been changed (Dkt. 16 at 1).  He also has attached documents related to alleged perjury in his trial  and regarding the Creek Nation housing Authority (Dkt. 16-1).

**Equitable Tolling**

Petitioner fails to allege or argue equitable tolling.  He carries the burden of establishing equitable tolling.  *Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008). Generally, equitable tolling requires a litigant to establish two elements:  "(1) that he has

been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation omitted).  Because Petitioner has failed to allege or argue equitable tolling, he is not entitled to equitable tolling.

Finally, Petitioner also has not demonstrated that he is entitled to equitable tolling through a claim of actual innocence.  A time-barred petitioner asserting a claim of actual innocence must "support his allegations of constitutional error with new reliable evidence-- whether it is exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial."  *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  Here, the Court finds there is no evidence in the record to suggest that uncontrollable circumstances impeded Petitioner from timely filing his federal claim or that he is actually innocent of the crime of which he was found guilty.

**Certificate of Appealability**

The Court further finds Petitioner has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  *See also* 28 U.S.C. § 2253(c).  Therefore, Petitioner is denied a certificate of appealability.  *See* Rule 11(a) of the Rules Governing Section 2254 Cases.

**ACCORDINGLY,** Respondent's motion to dismiss time barred petition (Dkt. 11) is GRANTED, and Petitioner is DENIED a certificate of appealability.  All remaining pending motions are DENIED as moot.

**IT IS SO ORDERED** this 7th day of February 2023.

Ronald A. White
United States District Judge
Eastern District of Oklahoma

9