## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WILLIAM F. LAFFOON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 22-CV-110-RAW-JAR |
| | ) | |
| WILLIAM "CHRIS" RANKINS, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent. | ) | |

### OPINION AND ORDER

On February 7, 2023, the Court granted Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus as barred by the statute of limitations imposed by 28 U.S.C. § 2244(d), and judgment was entered (Dkts. 53, 54).  Petitioner had raised one ground for habeas relief in his petition:  "The State of Oklahoma has no jurisdiction to hold an enrolled member of the Muskogee Creek Nation Tribe" (Dkt. 1 at 5).

On February 8, 2023, Petitioner filed a motion to vacate void judgment (Dkt. 56).  He asserts his conviction involved him, his wife, and his nephew, all of whom are Creek and Cherokee Indians, and the crimes occurred on the Creek Reservation.  *Id*. at 1.  He further alleges *McGirt v. Oklahoma*, 140 S. Ct. 2412 (2020), is "based on a firm foundation of retroactivity from the early 1800s of The Cherokee Treaty and the 1833 Creek treaty," both of which predate Oklahoma statehood in 1907. *Id*. at 2.  Therefore, Oklahoma "Never Had jurisdiction over the Five Civilized Tribes on their Reservations" and cannot hold [Petitioner] Hostage in the Department of Corrections."  *Id*. (capitalization in original).  He further contends "[t]he Indian Prisoner Must Be Released from this Hostage situation and Returned To the Muscogee Creek Reservation Wher He Was Born and Raised."  *Id.* (spelling and capitalization in original).  Finally, he maintains that "[d]o to these Extraordanary Circumstances and Void Judgment that Lacks Jurisdiction all time Limitations are Moot and do not apply to The Indian Petitioner."  *Id.*  (spelling and capitalization in original).

Construing Petitioner's motion liberally, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the Court finds it should be analyzed as a motion pursuant to Fed. R. Civ. P. 60(b)(4):

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reason[]:  . . . (4) the judgment is void [.]  . . .

Fed. R. Civ. P. 60(b)(4).

"Rule 60(b) relief 'is extraordinary and may only be granted in exceptional circumstances.'" *Zurich North America v. Matrix Service, Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000)).  Furthermore, "[i]n a Rule 60(b) proceeding the motion is addressed to the sound discretion of the [district] court." *Caribou Four Corners v. Truck Ins. Exchange*, 443 F.2d 796, 799 (10th Cir. 1971) (citations omitted).

Because Petitioner filed his Rule 60(b)(4) motion in the context of a habeas proceeding, the Court must determine whether the Rule 60(b) motion is a "true" Rule 60(b) motion, or it instead should be treated as a second or successive habeas corpus petition.  *See Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006) (distinguishing between "true" Rule 60(b) motions and Rule 60(b) motions filed in habeas proceedings that should be construed as second or successive habeas petitions).  *Spitznas* explains that "a  60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." 464 F.3d at 1215.

> Some examples of Rule 60(b) motions that should be treated as second or successive habeas petitions because they assert or reassert a federal basis for relief from the underlying conviction include:  a motion seeking to present a claim of constitutional error omitted from the movant's initial habeas petition, *Gonzales v. Crosby*, 545 U.S. 524, 530-31; a motion seeking leave to present "newly discovered evidence" in order to advance the merits of a claim previously denied, *see id.* at 531; or a motion "seek[ing] vindication of" a habeas claim by challenging the habeas court's previous ruling on the merits of that claim, *id*. at 531-32.

> By contrast, a 60(b) motion that challenges only the federal habeas court's ruling on procedural issues should be treated as a true 60(b) motion rather than a successive petition.  *See id*. at 532 & n. 4.  Thus, for example, a motion asserting that the federal district court incorrectly dismissed a petition for failure to exhaust, procedural bar, or because of the statute of limitations constitutes a true 60(b) motion.  *See id.* at 532-33.

*Spitznas*, 464 F.3d at 1216.

After careful review, the Court finds  Petitioner's claim that the Court erroneously found his

claims were barred by the statute of limitations constitutes a "true" Rule 60(b) motion.[1]  He argues that the timeliness of his claim is moot and does not apply to him, apparently because he is an Indian, and his crime occurred on the Creek Reservation.  (Dkt. 56 at 2).

There is no mootness exception to the one-year statute of limitations under 28 U.S.C. § 2244(d).  The Court's Opinion and Order dismissing the petition advised of the tolling exception under 28 U.S.C. § 2244(d)(2), however, Petitioner was not eligible (Dkt. 53 at 4).  Accordingly, Petitioner's Rule 60(b)(4) argument is meritless, and the dismissal pursuant to § 2244(d)(2) was correct.

**ACCORDINGLY,** Petitioner's motion pursuant to Fed. R. Civ. P. 60(b)(4) (Dkt. 56) is DENIED.

**IT IS SO ORDERED** this 13th day of July 2023.

_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE

---

[1] Although Petitioner also argues that the State lacked jurisdiction to prosecute him, this issue was not decided on the merits by this Court.  *See Spitznas*, 464 F.3d at 1216.

3